IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| R. ALEXANDER ACOSTA,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff<br><br>v.<br><br>EMERALD CONTRACTORS, INC., et al.,<br><br>    Defendants. | Civil Action No.: TDC-18-3762 |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff's Motion for Default Judgment ("Plaintiff's "Motion"). ECF No. 19. Plaintiff R. Alexander Acosta, Secretary of Labor of the United States Department of Labor ("Plaintiff") filed a complaint against Defendants Emerald Contractors, Inc., d/b/a Emerald Plumbing Co. ("Emerald Plumbing") and Roderick Neither, Sr. (collectively "Defendants"), alleging Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5).[1] Pl.'s Compl., ECF No. 1.[2] Plaintiff seeks damages under 29 U.S.C. § 216(c) and an injunction under 29 U.S.C. § 217. *Id.* at ¶ 11. Pursuant to 28 U.S.C. § 636 and Local Rules 301, the Honorable Theodore D. Chuang

---

[1] Plaintiff abbreviated the alleged violations as: "Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*." Pl.'s Compl. 1, ECF No. 1. The Court has reformatted these sections to reflect the full statutory citation.

[2] Plaintiff brings this suit on behalf of 21 employees ("Employees") of Emerald Plumbing who worked during the relevant times of this suit. Pl.'s Compl. ¶ 6. The Employees are listed in Exhibit A of the Complaint. *Id.*, ECF No. 1–A.

1

referred this matter to the undersigned for the making of a Report and Recommendation concerning default judgment and/or damages. ECF No. 20.

For the reasons stated herein, I recommend the Court **GRANT IN PART AND DENY IN PART WITHOUT PREJUDICE,** Plaintiff's Motion.

I. **Factual Background**

On December 6, 2018, Plaintiff commenced this action against Defendants alleging that Defendants violated provisions of the FLSA. Pl.'s Compl. ¶¶ 7–9. The Complaint states that Defendant Emerald Plumbing is a corporation with its principal office located in Temple Hills, Maryland, providing "plumbing services in addition to specialty services, such as drain cleaning, heating, air-conditioning, and electrical work." *Id.* at ¶ 2. Defendant Neither is the President and owner of Emerald Plumbing. *Id.* at ¶ 3. In his capacity as President and owner, Mr. Neither oversaw the day-to-day operations and employment practices of Emerald Plumbing. *Id*.

From December 6, 2015 through June 25, 2017 ("the Investigative Period"), Emerald Plumbing employed individuals as plumbers, laborers, and technicians. *Id*. at ¶ 6. Plaintiff alleges that throughout the Investigative Period, Defendants paid the Employees less than minimum wage because the Employees were paid "the same, fixed biweekly payment regardless of the number of hours employees worked." *Id.* at ¶ 7a. Plaintiff alleges that this practice resulted in the Employees receiving an hourly rate that was less than $7.25.[3] *Id.*

Plaintiff further alleges that Defendants failed to pay the Employees overtime pay despite the Employees having worked approximately 43 to 51 hours each week during the Investigative Period. Pl.'s Compl. ¶ 8a. Instead, Defendants paid the Employees a fixed biweekly payment

---

[3] The federal minimum wage is $7.25 for the applicable periods. 29 U.S.C. § 206(c).

based on their normal pay rate.  *Id*.  The fixed payment did not include overtime pay for hours worked over 40 hours per week.  *See Id.*

Lastly, Plaintiff alleges that Defendants failed to make, keep, and preserve records containing the hours the Employees worked each workday, the total pay for overtime hours, and accurate hire and termination dates for the Employees.  *Id.* at ¶ 9.

On March 17, 2019, Plaintiff served Emerald Plumbing with process.  ECF No. 7.  On April 2, 2019, Plaintiff served Mr. Neither with process.  ECF No. 9.  On April 17, the Clerk entered an order of default against Emerald Plumbing.  ECF No. 13.  On April 25, 2019, the Clerk entered an order of default against Mr. Neither.  ECF No. 16.

On June 14, 2019, Plaintiff's Motion was filed seeking judgment by default against both Defendants for the sum $873,198.08.  Pl.'s Mem. in Supp. 10, ECF No. 19–7.  Plaintiff further seeks to permanently enjoin Defendants from violating Sections 206, 207, 211(c), 215(a)(2) and 215(a)(5) of the FLSA.  *Id* at 10–11.

## II. Legal Background

Rule 55 of the Federal Rules of Civil Procedure governs entries of default and default judgments.  Fed. R. Civ. P. 55.  Rule 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  A party may request a default judgment in two ways: (1) if a plaintiff's claim is for a sum certain or a sum that can be made certain with computation, a plaintiff may file a request with the Clerk attaching an affidavit showing the amount due; or (2) in all other cases, the party seeking default judgment must apply to the Court.  Fed. R. Civ. P. 55(b)(1)–(2).  In considering a motion for default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability.  *See Ryan v. Homecomings Fin.*

*Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted); *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, the entry of "default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (citations omitted). The Court "must, therefore, determine whether the well-pleaded allegations in [the] complaint support the relief sought." *Id.*; 10A Charles Alan Wright, Arthur R. Miller & Mary K. Kane, *Federal Practice & Procedure Civil* § 2688.1 (4th ed. 2019) ("Liability is not deemed established simply because of the default. . . [and] the court, in its discretion, may require some proof of the facts that must be established in order to determine liability.").

The Fourth Circuit has repeatedly expressed a "strong policy that cases be decided on the merits." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993); *Colleton Preparatory Acad., Inc. v. Hoover Univ., Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) ("We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits."). However, default judgment "may be appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005).

Still, "acceptance of [the] undisputed facts does not necessarily entitle [the non-defaulting party] to the relief sought." *Ryan*, 253 F.3d at 780–81. If the plaintiff establishes liability, the Court then turns to the determination of damages. *CGI Finance, Inc. v. Johnson*, No. ELH-12-1895, 2013 WL 1192353, at *1 (D. Md. Mar. 21, 2013). In determining damages, the Court

cannot accept Plaintiff's factual allegations as true and must make an independent determination. *Id.; see also Lawbaugh*, 359 F. Supp. 2d at 422. Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default, stating that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c); *Diaz v. Mi Mariachi Latin Restaurant Inc.*, No. GJH-18-636, 2019 WL 528185, at *2 (D. Md. Feb. 11, 2019) (quoting *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000)) ("In entering default judgment, a court cannot, therefore, award additional damages 'because the defendant could not reasonably have expected that his damages would exceed' the amount pled in the complaint."). While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so "if the record supports the damages requested." *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (citation omitted). The Court may rely instead on affidavits or documentary evidence of record to determine the appropriate sum. *See, e.g., id.* (citing cases in which damages were awarded after a default judgment and without a hearing, based on affidavits, printouts, invoices, or other documentary evidence).

### III. Discussion

#### A. Liability

Plaintiff contends that Defendants violated Sections 206 and 207 of the FLSA. Pl.'s Compl. ¶¶ 7–8. In relevant part, the FLSA requires that employers pay nonexempt employees at least the federal minimum wage of $7.25 an hour and overtime pay in the amount not less than one and one-half times the regular rate for hours worked beyond forty hours per week. 29 U.S.C. §§ 206, 207; *Darveau v. Detecon, Inc.*, 515 F.3d 334, 337 (4th Cir. 2008) (quoting 29 U.S.C. § 207(a)(1)) (stating that the FLSA established the "general rule that employers must

5

compensate each employee at a rate not less than one and one-half times the regular rate for all overtime hours that an employee works."). A plaintiff who sues an employer under § 216 of the FLSA for unpaid minimum wage, together with liquidated damages, has the burden of proving he performed work for which he was not property compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946)*, superseded by statute on other grounds as stated in Monge*, 751 F. Supp. 2d at 799.

Accepting Plaintiff's factual allegations as true, Plaintiff has proven that Defendants violated Sections 206 and 207 of the FLSA by failing to pay the Employees minimum wage and overtime pay. 29 U.S.C. §§ 206, 207. Plaintiff states that Defendants paid the Employees "the same, fixed biweekly payment regardless of the number of hours employees worked. Pl.'s Compl. ¶ 7–8. This practice resulted in employees receiving an hourly rate that was less than the minimum wage on numerous occasions." *Id.* at ¶ 7; *See also* Pl.'s Mem. in Supp. 5.

Plaintiff also contends that Defendants violated Section 211(c) of the FLSA because Defendants failed to make, keep, and preserve records containing: (1) the hours the Employees worked each workday; (2) total pay for overtime hours; and (3) the hire and termination dates for the Employees. Pl.'s Compl. ¶ 9. The FLSA requires employers to "make, keep, and preserve" employee records, as well as "the wages, hours, and other conditions and practices of employment" for a period outlined in the regulations. 29 U.S.C. 211(c). The Code of Federal Regulations require that employers "maintain and preserve payroll or other records" of "hours worked each workday and total hours worked each workweek." 29 C.F.R. § 516.2(a)(7). "The FLSA's recordkeeping provisions are vital in ensuring employer compliance with the statute." *United States Dep't of Labor v. Fire & Safety Investigation Consulting Servs., LLC*, 915 F.3d 277, 287 (4th Cir. 2019) (citing *McFeeley v. Jackson St. Entm't, LLC*, 825 F.3d 235, 246 (4th

6

Cir. 2016)). Accepting these factual allegations as true, the Court is persuaded that Plaintiff proved that Defendants failed to maintain and preserve records as required by Section 211 of the FLSA.

Accordingly, the Court recommends that Defendants are deemed liable to Plaintiff for violating Sections 206, 207, and 211(c) of the FLSA. 29 U.S.C. §§ 206, 207, 211(c).

### B. Damages

#### 1. Overtime and minimum wage pay

Plaintiff contends that because of Defendants' failure to pay the minimum wage, Defendants owe the Employees $386,168.16. Pl.'s Mem. in Supp., 5. Plaintiff further contends that because of Defendants' failure to pay overtime rates, Defendants owe the Employees $50,430.88. *Id.* at 6.

Once liability has been established, the question of damages must be addressed. As previously stated, the Court must make an independent determination as to the amount of damages Plaintiff may recover. *See Lawbaugh*, 359 F. Supp. 2d at 422. However, the Court is prohibited from awarding damages that are different in type or exceed the amount demanded in the pleadings. *See* Fed. R. Civ. P. 54(c); *Diaz*, 2019 WL 528185, at *2. The Court may rely on affidavits or other documentary evidence to establish damages. *See Dekalb Farmers Market, Inc. v. Collazo Produce, Inc.*, No. 5:18-CV-201-D, 2019 WL 274750, at *2 (E.D.N.C. June 28, 2019); *Alliance Storage Technologies, Inc. v. Engstrom*, No. 4:11cv46, 2012 WL 1580544, at *2 (E.D.Va. May 3, 2012); *See, e.g.*, *Diaz*, 2019 WL 528185, at *3 (relying upon facts included in a sworn written statement to calculate wages owed). On default judgment, the Court may award damages without a hearing, but only if the record supports the damages requested. *Clancy v. Skyline Grill, LLC*, No. ELH-12-1598, 2012 WL 5409733, at *5 (D. Md. Nov. 5, 2012).

Statements in pleadings are not sufficient evidence to prove a plaintiff's entitlement to damages. *Walker v. Thomas*, 311 F.R.D. 3, 6 (D.D.C. 2015).

An employer has the duty to keep proper record of wages, hours, and other conditions and practices of employment. *Mt. Clemens Pottery Co.*, 328 U.S. at 687. Where an employer's records are inaccurate or inadequate, the employee should not be penalized by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. *Id.* at 687. In such a situation, the employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated, and he produces sufficient evidence to show the amount and extent of that work as a matter of *just and reasonable inference*. *Id.* (emphasis added); *Melendez v. Spilled Milk Catering, LLC*, No. PWG-18-2135, 2019 WL 2921782, at *2 (D. Md. July 8, 2019). A court may grant back wages under the FLSA to non-testifying employees based upon the representative testimony of a small percentage of employees. *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985), *disapproved on other grounds by McLaughlin v. Richland Shoe Co.*, 108 S. Ct. 1677, 1680, n.1 (1988). However, the testimony must be fairly representational. *Id.*

Plaintiff provided eight unsworn employee statements[4] as a representative sample of the Employees in this case to show the number of hours worked, and to "confirm that the employees at issue worked for Defendants and performed work for Defendants during the relevant period of investigation." Personal Interview Statements, ECF No. 19–4; Pl.'s Mem. in Supp. 9. Further, Plaintiff provided a Summary of Unpaid Wages which outlined each of the Employees' back wages and the corresponding liquidated damages sought. Summary of Unpaid Wages, ECF No. 29–3. The Court acknowledges Plaintiff's assertion that Defendants were not responsive to

---

[4] It is unclear whether any of these employee statements are the statements of any of the Employees included in this litigation because the names are redacted.

8

discovery and failed to timely and fully respond to document requests. Decl. of Claudia Villarreal Cuevas ("Villareal Cuevas Decl."), ¶ 9, ECF. No 19–6. The Court also recognizes that Plaintiff relied on *partial* payroll records and *partial* time records in conducting his investigation. *Id.* at ¶ 12. (emphasis added). However, Plaintiff must still present sufficient evidence to support his claim for damages.

The explanation as to how Plaintiff reached his conclusion as to the amount of back wages owed in the Summary of Unpaid Wages is insufficient. Plaintiff relied on employee statements, payroll records, time records, business hours worked posted on the employer's website, and estimated hire and termination dates. Pl.'s Mem. in Supp. 7. Plaintiff stated that the back wages owed to the Employees for minimum wage violations were determined by "multiplying the number of hours worked by the federal minimum wage." *Id.* With regards to overtime back pay:

> Plaintiff determined the number of hours worked from payroll records and employee interview statements. To determine employees' regular rate of pay, Plaintiff divided each employees' gross pay for the week by their hours worked. Then Plaintiff multiplied each employee's regular rate times one and one half to determine their overtime premium rate. Plaintiff multiplied the resulting overtime premium rate times the number of hours the employees worked over 40 in a workweek. Plaintiff then subtracted the amount of overtime due to each employee from the amount of compensation Defendants paid employees for those overtime hours.

*Id.* at 8 (internal citations omitted). However, aside from the representative sample employee statements, which were not made under oath, none of the documents the Plaintiff relied on to create the Summary of Unpaid Wages were provided to the Court. With the scarce information provided, there is no way to validate the estimated amount of: (1) hours worked; (2) the length of employment; or (3) how much each Employee was specifically paid for regular or overtime

9

hours. Therefore, the Court cannot make a "just and reasonable inference" to the amount of back pay owed for Defendants' overtime and minimum wage violations.

In sum, Plaintiff failed to provide sufficient information to allow the Court to make an independent determination as to the amount of damages. Accordingly, the Court recommends that Plaintiff's requests for damages be denied without prejudice. Further, the Court recommends that Plaintiff provide the Court with the documents used to calculate damages. At the very least, the Court recommends that Plaintiff provide the Court with sworn affidavits by the Employees involved in this litigation, attesting under oath: (1) what their hourly rates were; (2) how many hours they worked; and (3) how much they were paid for overtime.

### 2. Liquidated Damages

Plaintiff seeks an equal amount of liquidated damages in the amount of $436,599.04 under Section 216(c) of the FLSA. Pl.'s Mem. in Supp., 7. Under Section 216(b) of the FLSA, an employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. 216(b). "Liquidated damages are awarded in an amount equal to the employee's compensatory damages and are awarded in addition to compensatory damages." *Troutt v. Stavola Bros, Inc.*, 905 F.Supp 295, 302 (M.D.N.C. 1995) (citing *Fowler v. Land Management Groupe, Inc.*, 978 F.2d 158, 162 (4th Cir. 1992)). "The FLSA provides for mandatory liquidated damages in an amount equal to the unpaid overtime compensation. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011).

In this case, Plaintiff failed to provide sufficient evidence to prove Plaintiff's entitlement to damages resulting from Defendants' violations of the FLSA. It is therefore, the Court's recommendation that Plaintiff's request for liquidated damages be denied without prejudice.

**C. Injunction**

In addition to damages, Plaintiff has also requested an injunction to permanently enjoin Defendants, as well as Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants from violating Sections 206, 207, 211(c), 215(a)(2) and 215(a)(5) of the FLSA. Pl.'s Mem. in Supp. 10–11.

Under Section 217 of the FLSA, "the district courts … have jurisdiction, for cause show, to restrain violations including . . . section 215(a)(2) of this title the restraint of any withholding payment of minimum wages or overtime compensation found by the court to be due to employees under this chapter." 29 U.S.C. 217. Section 215(a)(2) of the FLSA states that it shall be unlawful for any person to violate Section 206 and 207 of the FLSA. A suit for an injunction brought by the Secretary under Section 217 of the FLSA, is equitable in nature, giving the trial Court broad discretion to fashion its decree according to the circumstances of each case. *Clifton D. Mayhew, Inc. v. Wirtz*, 413 F.2d 658, 663 (4th Cir. 1969) (internal citations omitted). "An injunction under § 217 of the FLSA is 'remedial in nature; *i.e.*, intended to prevent future violations; it is not imposed as punishment for past violations.'" *Acosta v. Vera's White Sands Beach Club, LLC*, No. 8:16-cv-00782-PX, 2019 WL 1767147, at *8 (D. Md. Apr. 22, 2019) (quoting *Marshall v. Gerwill, Inc.*, 495 F.Supp 744, 756 (D. Md. 1980)). Whether to issue an injunction depends upon: "(1) the employer's previous conduct; (2) its current compliance (or noncompliance); and (3) the dependability of any assurances that it will comply with the FLSA in the future." *Chao v. Self Pride, Inc.*, No. RDB-03-3409, 2006 WL 469954, at *11 (D. Md. Jan. 17, 2006). "The injunctive relief provision 'was designed and enacted as a necessary measure to assure the effective and uniform compliance with and adherence to a public policy . . . adopted in the National Interest.'" *Acosta v. At Home Personal Care Services LLC*, No. 1:18-

cv-549 (LMB/IDD), 2019 WL 1601997, at *15 (E.D. Va. Apr. 15, 2019) (citing *Wirtz v. Jones*, 340 F.2d 901, 903 (5th Cir. 1965)).

In this case, injunctive relief is warranted. Defendants openly and flagrantly violated the FLSA by failing to pay the Employees the minimum wage, failing to pay the premium rate for overtime, and failing to keep adequate records. Due to Defendants' failure to participate in this litigation, the record is ambiguous as to whether Defendants are now in compliance with the FLSA. In fact, given the default posture of this case, and Defendants' refusal to participate, the Court has received no reassurance that Defendants will comply with the FLSA in the future. Finally, an injunction in this case will not unduly burden Defendants because it would require nothing more than compliance with Defendants' pre-existing legal obligations. As such, the Court recommends the Plaintiff's request for a permanent injunction be granted.

**IV. Conclusion**

For the foregoing reasons, it is my recommendation that the Court **GRANT IN PART AND DENY IN PART WITHOUT PREJUDICE** Plaintiff's Motion for Default Judgment against Defendants.

September 19, 2019

/s/
Charles B. Day
United States Magistrate Judge

CBD/hjd