# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| R. ALEXANDER ACOSTA, | * | |
| SECRETARY OF LABOR, | * | |
| UNITED STATES DEPARTMENT OF | * | |
| LABOR, | * | |
| | * | Civil Action No.: TDC-18-3762 |
| Plaintiff | * | |
| | * | |
| v. | * | |
| | * | |
| EMERALD CONTRACTORS, INC., et | * | |
| al., | * | |
| | * | |
| Defendants. | ***** | |

## REPORT AND RECOMMENDATION

This Report and Recommendation addresses Plaintiff's Second Motion for Default

Judgment Against Defendants Emerald Contractors, Inc. and Roderick Neither, Sr. ("Plaintiff's

Second Motion"), ECF No. 24. Plaintiff R. Alexander Acosta, Secretary of Labor of the United

States Department of Labor ("Plaintiff") filed a complaint against Defendants Emerald

Contractors, Inc., d/b/a Emerald Plumbing Co. ("Emerald Plumbing") and Roderick Neither, Sr.

(collectively "Defendants"), alleging Defendants violated the Fair Labor Standards Act

("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5).[1] Pl.'s Compl., ECF No. 1.[2]

Plaintiff seeks damages under 29 U.S.C. § 216(c) and an injunction under 29 U.S.C. § 217. *Id.* at

¶ 11. Previously, the Court recommended that Plaintiff's Motion for Default Judgment against

---

[1] Plaintiff abbreviated the alleged violations as: "Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor
Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*" Pl.'s Compl. 1, ECF No. 1. The Court has
reformatted these sections to reflect the full statutory citation.

[2] Plaintiff brings this suit on behalf of 21 employees ("Employees") of Emerald Plumbing who worked during the
relevant times of this suit. Pl.'s Compl. ¶ 6. The Employees are listed in Exhibit A of the Complaint. *Id.*, ECF No.
1–A.

Defendants Emerald Contractors, Inc. and Roderick Neither, Sr. ("Plaintiff's First Motion") be Granted in Part and Denied in Part without Prejudice. On October 3, 2019, Plaintiff's Second Motion was filed.

Pursuant to 28 U.S.C. § 636 and Local Rules 301, the Honorable Theodore D. Chuang referred this matter to the undersigned for the making of a Report and Recommendation concerning default judgment and/or damages. ECF No. 20. For the reasons stated herein, I recommend Plaintiff's Second Motion be **GRANTED**.

## I.      Background

The facts of this case are set forth in detail in the Court's September 19, 2019 memorandum. Rep. and Recomm., ECF No. 23. The Court incorporates by reference the facts and legal analysis from that prior memorandum. Previously, the Court recommended Defendants be deemed liable to Plaintiff for violating 29 U.S.C. §§ 206, 207, 211(c) of the FLSA. *Id.* at 7. Further, the Court recommended that Plaintiff's request for an injunction be granted. *Id.* at 12. The Court also recommended Plaintiff's requests for damages be denied without prejudice. *Id.* at 10. The Court found that Plaintiff failed to carry his burden by failing to provide sufficient information to allow the Court to make an independent determination as to the amount of damages when ruling on a Default Motion. *Id.* at 10; *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005). As a result of Plaintiff's failure to meet his burden, the Court recommended Plaintiff's request for liquidated damages be denied. Rep. and Recomm. 10.

## II.      Discussion

### A.  Damages

Plaintiff contends that because of Defendants' failure to pay the minimum wage, Defendants owe the Employees $386,168.16. Pl.'s Mem. in Supp. of Pl.'s First Mot., 5, ECF

No. 19–7.  Plaintiff further contends that because of Defendants' failure to pay overtime rates, Defendants also owe the Employees $50,430.88.  *Id.* at 6.  Plaintiff seeks a total of $436,599.04 in damages.  Pl.'s Mem. in Supp. of Pl.'s Sec. Mot., 4, ECF No. 24–1.

On ruling on a Motion for Default Judgment, once a plaintiff establishes liability, the Court then turns to the determination of damages.  *CGI Finance, Inc. v. Johnson*, No. ELH-12-1895, 2013 WL 1192353, at *1 (D. Md. Mar. 21, 2013).  In determining damages, the Court cannot accept Plaintiff's factual allegations as true and must make an independent determination.  *Id.*; *see also Lawbaugh*, 359 F. Supp. 2d at 422.  Rule 54(c) of the Federal Rules of Civil Procedure limits the type and amount of damages that may be entered as a result of a party's default, stating that a "default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c); *Diaz v. Mi Mariachi Latin Restaurant Inc*., No. GJH-18-636, 2019 WL 528185, at *2 (D. Md. Feb. 11, 2019) (quoting *In re Genesys Data Techs., Inc.*, 204 F.3d 124, 132 (4th Cir. 2000)) ("In entering default judgment, a court cannot, therefore, award additional damages 'because the defendant could not reasonably have expected that his damages would exceed' the amount pled in the complaint.").  While the Court may conduct an evidentiary hearing to determine damages, it is not required to do so "if the record supports the damages requested."  *Monge v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010) (citation omitted).  The Court may rely instead on affidavits or documentary evidence of record to determine the appropriate sum.  *See, e.g., id.* (citing cases in which damages were awarded after a default judgment and without a hearing, based on affidavits, printouts, invoices, or other documentary evidence).

An employer has the duty to keep proper record of wages, hours, and other conditions and practices of employment.  *Mt. Clemens Pottery Co.*, 328 U.S. at 687.  Where an employer's

records are inaccurate or inadequate, the employee should not be penalized by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. *Id.* at 687. In such a situation, the employee has carried his burden if he proves that he has in fact performed work for which he was improperly compensated, and he produces sufficient evidence to show the amount and extent of that work as a matter of *just and reasonable inference*. *Id.* (emphasis added); *Melendez v. Spilled Milk Catering, LLC*, No. PWG-18-2135, 2019 WL 2921782, at *2 (D. Md. July 8, 2019). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Mt. Clemens Pottery Co.*, 328 U.S. at 687–88. A court may grant back wages under the FLSA to non-testifying employees based upon the representative testimony of a small percentage of employees. *Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985), *disapproved on other grounds by McLaughlin v. Richland Shoe Co.*, 108 S. Ct. 1677, 1680, n.1 (1988). However, the testimony must be fairly representational. *Id.*

Previously, Plaintiff in calculating the amount of back pay owed to the Employees, relied on: (1) unsworn Employee statements; (2) payroll records; (3) time records; (4) business hours posted on the employer's website; and (5) estimated hire and termination dates. However, aside from the representative sample Employee statements, which were not made under oath, none of the documents Plaintiff relied on to calculate the back pay were provided to the Court. With the scarce information provided, there was no way to validate the estimated amount of: (1) hours worked; (2) the length of employment; or (3) how much each Employee was specifically paid for regular or overtime hours. Therefore, the Court could not make a "just and reasonable

inference" to the amount of back pay owed for Defendants' overtime and minimum wage violations.

For Plaintiff's Second Motion, Plaintiff has provided: (1) Representative Sample Employee Statements, ECF No. 24–2; (2) Decl. of Claudia Villarreal Cuevas ("Villareal Cuevas Decl."), ECF No. 24–3; (3) Wage Transcription and Computation Worksheets for the Employees ("Back Wage Computations"), ECF No. 24–4; (4) Defendants' Payroll Summary, ECF No. 24–5; (5) Defendants' Time Records, ECF No. 24–6; (6) Dates of the Employees' Employment ("Dates of Employment"), ECF No. 24–7; (7) Defendants' Business Hours, ECF No. 24–8; (8) Decl. of Three of the Employees, ("Three Employees' Decl."), ECF No. 24–9; and (9) Second Decl. of Claudia Villarreal Cuevas ("Villareal Cuevas Second Decl."), ECF No. 25.

Due to Defendants' failure to make, keep, and preserve records as required by Section 211(c) of the FLSA, Plaintiff was required to compute back wages and overtime by "reconstruct[ing] the hours and used average of hours worked based on the records available." Pl.'s Mem. in Supp. of Pl.'s Second Mot. 10; 29 U.S.C. § 211(c). To determine the number of hours each Employee worked, Plaintiff "reconstructed hours [by using] an average of the hours worked based on the available records." Pl.'s Mem. in Supp. of Pl.'s Second Mot. 11. Plaintiff used the start and termination dates provided by Defendants. Villareal Cuevas Second Decl. ¶ 18. Where the dates provided by Defendants were inconsistent with information in the payroll and time records, Plaintiff either: (1) calculated the hours based on the start and termination date provided by each Employee, if interviewed; or (2) calculated the hours worked for the entire investigatory period from December 6, 2015 through June 25, 2017. *Id.* at ¶ 17. Plaintiff also relied on Defendants' website to determine the hours of operations, which was provided to the Court. *Id.* at ¶ 16. When Plaintiff did not have time records for certain Employees, Plaintiff

"calculated an average number of hours worked from the partial payroll and time records [Plaintiff] had for other employees." *Id.* at ¶ 18. The Court, having reviewed the Back Wage Computations, Defendants' Business Hours, and the Three Employees' Decl., finds that the computation of hours allows for a just and reasonable inference to the hours worked.

After calculating the hours worked, Plaintiff calculated the back wages owed for Defendants' minimum wage violations by "multiplying the reconstructed number of hours worked, by the federal minimum wage . . . ." Pl.'s Mem. in Supp. of Pl.'s Second Mot. 11. To determine the overtime wages owed to the Employees, Plaintiff:

> [D]ivid[ed] each employee's total gross pay for the week by their hours worked to determine their regular rate. Then, [Plaintiff] multiplied each employee's regular rate by one-and-one-half to determine his/her overtime premium rate. Thereafter, [Plaintiff] multiplied the resulting overtime premium rate times the number of hours the employees worked over 40 in a workweek. [Plaintiff] then subtracted the amount of overtime due to each employee from the amount of compensation [Defendants] paid employees for those overtime hours.

Villareal Cuevas Second Decl. ¶ 20.

The Court finds that a just and reasonable inference to the amount of back wages owed to the Employees can be made. Unlike Plaintiff's First Motion, here, the Court has access to Plaintiff's Back Wage Computations, Defendants' Business Hours, and Defendants' Time Records which collectively support Plaintiff's method of calculating back wages for each of the Employees. The Court is now able to discern how Plaintiff calculated the hours worked, the amount due, and how much the Employees were paid for regular and overtime wages. Essentially, Plaintiff showed their work to the Court, not dissimilar to a math problem. Further, the Court finds that Plaintiff's assertions were supported by the Three Employees' Decl. which were made under oath.

In sum, with the additional documents provided, the Court finds that Plaintiff produced sufficient evidence to show that the Employees have "performed work for which [they] were improperly compensated . . . and [have shown] the amount and extent of that work as a matter of just and reasonable inference." *Mt. Clemens Pottery Co.*, 328 U.S. at 687. The burden now shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687–88. This the employer has not done. Hence, the Court recommends that Plaintiff's requests for damages in the amount of $436,599.04, be Granted.

### B. Liquidated Damages

Plaintiff seeks an equal amount of liquidated damages in the amount of $436,599.04 under Section 216(c) of the FLSA. Pl.'s Mem. in Supp., 7. Under Section 216(b) of the FLSA, an employer "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. 216(b). "Liquidated damages are awarded in an amount equal to the employee's compensatory damages and are awarded in addition to compensatory damages." *Troutt v. Stavola Bros, Inc.*, 905 F. Supp 295, 302 (M.D.N.C. 1995) (citing *Fowler v. Land Management Groupe, Inc.*, 978 F.2d 158, 162 (4th Cir. 1992)). "The FLSA provides for mandatory liquidated damages in an amount equal to the unpaid overtime compensation. *Perez v. Mountaire Farms, Inc.*, 650 F.3d 350, 375 (4th Cir. 2011).

In this case, Plaintiff provided sufficient evidence to prove Plaintiff's entitlement to damages resulting from Defendants' violations of the FLSA. It is therefore, the Court's recommendation that Plaintiff's request for liquidated damages in the amount of $436,599.04, be Granted.

### III.    Conclusion

For the foregoing reasons, it is my recommendation that Plaintiff's Second Motion for

Default Judgment, be Granted.


December 20, 2019                                              _____/s/_____
                                                              Charles B. Day
                                                              United States Magistrate Judge

CBD/hjd