IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARTIN J. WALSH, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, | * * * | |
| Plaintiff, | * | Civil No. TDC-18-3762 |
| v. | * | |
| EMERALD CONTRACTORS, INC. d/b/a EMERALD PLUMBING CO., a corporation, and RODERICK NEITHER, SR, individually, and as President and owner of the aforementioned Corporation, | * * * | |
| Defendants. | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This case was referred to me for discovery and related scheduling matters.[1] ECF No. 30. Now pending before the Court is the Motion to Compel (ECF No. 29) filed by Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor. Defendants have not responded to the Motion and the time to do so has passed. *See* Loc. R. 105.2; Fed. R. Civ. P. 6(d). No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, I recommend that the Motion be granted.

---

[1] The Fourth Circuit has stated, in an unpublished opinion, that magistrate judges may not decide post-judgment discovery motions because they lack the authority to do so under 28 U.S.C. § 636(b)(1). *Springs v. Ally Fin. Inc.*, 657 F. App'x 148, 152–53 (4th Cir. 2016). Accordingly, the undersigned has prepared this report and recommendation to allow the presiding judge to conduct a de novo review. *See Razzak v. Ackoyt*, No. 1:15CV1016, 2017 WL 2061068, at *3 n.1 (M.D.N.C. Apr. 24, 2017) (explaining that a report and recommendation appeared to be required in a case where a post-judgment discovery issue was referred to a magistrate judge).

**I.      Background**

The Court entered default judgment against Defendants in this wage and hour case on January 9, 2020. ECF No. 28. Among other things, the default judgment awarded Plaintiff a total of $873,198.08 in damages against Defendants. *Id.* at 2. Plaintiff states that "[t]o date, Defendants have not made any payments" toward the judgment awarded in this case. ECF No. 29-1 at 3.

On January 27, 2021, pursuant to Fed. R. Civ. P. 69(a)(2), Plaintiff served Defendants with post-judgment interrogatories and document production requests. *Id.* Pursuant to Rules 33 and 34, Defendants' responses were due within 30 days. On February 9, 2021, "Defendants contacted Plaintiff via telephone and acknowledged the receipt of Plaintiff's discovery requests." *Id.* But Defendants never produced their post-judgment discovery responses. *Id.* Plaintiff has attempted to meet and confer with Defendants about their discovery deficiencies but Defendants have not responded to Plaintiff's calls or letters. *Id.* Plaintiff now seeks an order compelling Defendants to respond to the outstanding post-judgment discovery requests.

**II.     Analysis**

Under Rule 69(a)(2), a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in" the Federal Rules of Civil Procedure. "The rules governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014) (citing 12 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 3014, p. 160 (2d ed. 1997)); *see also* 13 Moore's Federal Practice - Civil § 69.04 (2021) ("The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor.").

Rule 33 permits a party to propound interrogatories on any other party that "relate to any matter that may be inquired into under Rule 26(b)" Fed. R. Civ. P. 33(a)(2). Rule 34 permits a party to request that another party produce relevant documents in the responding party's possession, custody, or control. Fed. R. Civ. P. 34. Under both rules, a responding party is required to produce their responses within 30 days. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Rule 37(a)(3)(B) permits a party seeking discovery to move for an order compelling another party to produce a response, including when a party fails to respond to interrogatories under Rule 33 or document production requests under Rule 34.

The interrogatories and document production requests that Plaintiff served on Defendants are permitted under Rule 69(a)(2) because they are designed to aid in execution of the outstanding judgment. Defendants have not presented any excuse for their failure to respond to Plaintiff's discovery requests. Because Defendants did not timely respond to the post-judgment discovery requests, and because such failure is not excused by good cause, an order compelling Defendants to produce responses is warranted. Fed. R. Civ. P. 37(a)(3)(b).

I recommend that the Court order Defendants to produce complete and non-evasive responses to Plaintiff's discovery requests (*see* ECF No. 29-3) within 14 days of the Court's order. I further recommend that the Court notify Defendants that they may not withhold discovery on the basis of any objection because they have waived their right to do so. *See Quan v. TAB GHA F&B, Inc.*, No. TDC-18-3397, 2020 WL 9349573, at *1 (D. Md. Nov. 25, 2020) (explaining that a failure to timely raise objections under Rules 33 and 34 amounts to a waiver of those objections unless the failure is excused by good cause, and collecting cases). Finally, I recommend that the Court warn Defendants that if they fail to comply with the Court's order compelling discovery, the Court

may issue sanctions against Defendants, including treating such a failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii).

### III. Conclusion

In sum, I recommend that the Court:

1. Grant Plaintiff's Motion to Compel (ECF No. 29);

2. Order Defendants to produce complete and non-evasive responses to Plaintiff's post-judgment discovery requests (*see* ECF No. 29-3) within 14 days of the date of the Court's Order;

3. Order that Defendants may not withhold discovery on the basis of any objection; and

4. Warn Defendants that failure to comply with the Court's Order could result in the imposition of sanctions, including treating any noncompliance as contempt of court.

The Clerk of Court is directed to mail a copy of this Report and Recommendation to Defendants.

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).


<u>March 29, 2022</u>     			/s/
Date                Timothy J. Sullivan
                    United States Magistrate Judge