UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

LORI CHAVEZ-DEREMER,[1]
*Secretary of Labor,*
*United States Department of Labor,*

    Plaintiff,

v.                                     Civil Action No. 18-3762-TDC

EMERALD PLUMBING COMPANY and
RODERICK NEITHER, SR.,

    Defendants.

## MEMORANDUM OPINION

The Secretary of Labor has filed two Motions for Orders to Show Cause why Defendants Emerald Plumbing Company and Roderick Neither, Sr. should not be held in civil contempt for their failure to pay damages awarded by the Court on January 9, 2020, ECF No. 28, and for their failure to comply with this Court's Orders that they comply with post-judgment discovery requests, ECF Nos. 32, 39. Defendants have not responded to the Motions. Upon review, the Court will grant the Motions in that it will order Defendants to show cause why they should not be held in civil contempt but will otherwise deny the Motions without prejudice. Defendants are forewarned that the failure to respond to the forthcoming Order to Show Cause will result in Defendants being held in contempt of court.

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Secretary of Labor Lori Chavez-DeRemer is substituted in place of former Acting Secretary of Labor Julie A. Su.

## BACKGROUND

On December 6, 2018, the Secretary of Labor, on behalf of the United States Department of Labor ("the Secretary" or "DOL"), filed a Complaint against Defendants Emerald Plumbing Company ("Emerald Plumbing") and Roderick Neither, Sr. on behalf of 21 of Defendants' employees that alleged a failure to pay the employees the federal minimum wage and overtime pay, and to comply with federal recordkeeping requirements, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), 215(a)(5). Emerald Plumbing is a corporation that provides "plumbing services, in addition to specialty services, such as drain cleaning, heating, air-conditioning, and electrical work." Compl. ¶ 2, ECF No. 1. Neither, the president and 100 percent owner of Emerald Plumbing, oversees its day-to-day operations and employment practices. On January 9, 2020, this Court entered an order granting a default judgment against Defendants ("the Default Judgment Order") in which it enjoined Defendants from violating the FLSA and awarded to DOL, to be paid to the 21 employees, $436,599.04 in back wages and $436,599.04 in liquidated damages, for a total of $873,198.08 in damages.

On January 27, 2021, DOL sent the Default Judgment Order and a demand letter requesting payment of the judgment to Defendants by United States Postal Service ("USPS") certified mail. The same day, DOL served Defendants with post-judgment interrogatories and request for production of documents in an attempt to ascertain Defendants' ability to pay the damages. Although Defendants acknowledged receipt of the requests, they did not provide responses to the discovery requests.

On March 11, 2022, DOL filed a Motion to Compel responses to the discovery requests, which the Court granted on May 18, 2022. The Court's May 18, 2022 Order ("the First Discovery Order") directed that:

> Defendants shall produce complete responses to Plaintiff's post-judgment discovery requests within 14 days of this Order. Defendants may not withhold discovery on the basis of any objection. Defendants are forewarned that any failure to comply with this Order may result in the impositions of sanctions, including treating any noncompliance as contempt of court.

First Discovery Order at 1–2, ECF No. 32. Defendants did not comply with this Order.

On September 26, 2023, DOL sent to Defendants, by certified mail, a second demand letter ("the Second Demand"), which again requested payment of the judgment and notified Defendants of DOL's intent to file a motion for an order of contempt if Defendants did not pay the judgment. DOL has provided a copy of the Second Demand with a USPS receipt reflecting that it was received.

On November 28, 2023, the parties held a telephone conference during which Defendants requested another copy of the Second Demand. After the conference, the DOL counsel emailed to Neither a copy of the Second Demand, and Neither acknowledged receipt. To date, Defendants have not made any payments on the judgment.

On November 29, 2023, DOL re-sent by email the post-judgment discovery requests to which Defendants failed to respond. On December 20, 2023, the parties began settlement negotiations but ultimately failed to settle the matter.

On January 10, 2024, after the DOL counsel asked if Defendants would comply with the First Discovery Order, Neither requested that the DOL counsel re-send the post-judgment discovery requests by email. The DOL counsel did so on January 11, 2024. In response to a follow-up inquiry, Neither stated in a February 5, 2024 email that Defendants would send responses and that they were "working on getting this completed this week." Discovery Mot. Ex. B at 4, ECF No. 41-2. On February 21, 2024, however, Neither sent an email requesting

3

clarification on what responses were needed and how to provide them. The DOL counsel provided the following email response the same day:

> We need you to answer all the interrogatories for yourself and the company in writing. Second, you must produce copies of the requested documents in the Request for Production of Documents for yourself and the company (separate requests). Yes, you can email the answers to me. If you have large documents that cannot be attached to an email, I can send you a secure platform where you can upload them.
>
> I resent the requests on January 11, 2024. You indicated that you would answer them by the week of February 5, 2024. Today is February 21, 2024. You also received these requests a couple of years ago.

*Id.* at 2.

After no responses were provided for eight months, the DOL counsel sent a follow-up email to Defendants on September 12, 2024. Defendants ultimately submitted a response to the post-judgment discovery requests on September 27, 2024 by providing only seven pages of documents responsive to the request for documents and providing very limited responses to the interrogatories which DOL deemed to be deficient. On October 16, 2024, DOL sent a deficiency notice to Defendants and also filed a notice of intent to file a motion for an order of contempt relating to the failure to pay the judgment.

The Court held a case management conference on November 8, 2024 with both parties present. In a November 14, 2024 Order ("the Second Discovery Order"), the Court directed DOL to re-send the post-judgment discovery requests and provide specific information on what responses remain outstanding by November 22, 2024 and directed Defendants to produce all responsive information by December 13, 2024. On November 21, 2024, DOL sent to Defendants a "Deficiency Letter and Supplemental Discovery Requests." Discovery Mot. Ex. D, ECF No. 41-4. Defendants did not respond until January 9, 2025 and then produced only Emerald Plumbing's bank statements from Bank of America for the time period from 2019 to 2020. According to DOL,

"Defendants did not provide a written response to the Acting Secretary's deficiency notice or sign the Verification Certificate," and "Defendants failed to provide answers to the Acting Secretary's post-judgment discovery requests as outlined in the deficiency notice." Discovery Mot. at 5, ECF No. 41.

## DISCUSSION

DOL has filed two Motions for an Order to Show Cause. In the first Motion ("the Damages Motion"), ECF No. 43, DOL asserts that Defendants have failed to comply with the Court's January 9, 2020 Default Judgment Order by failing to make any payments towards damages. In the second Motion ("the Discovery Motion"), ECF No. 41, DOL asserts that Defendants have not complied with the First and Second Discovery Orders that direct Defendants to produce complete responses to the post-judgment discovery requests. For such violations, DOL seeks an order that: (1) directs Defendants to show cause why they should not be held in civil contempt for their failure to comply with the Court's orders; (2) holds Defendants in civil contempt, if Defendants are unable or unwilling to show cause why they have not complied with the Court's orders; (3) directs Defendants to pay a $250.00 daily coercive fee until they come into compliance; and (4) awards to DOL attorney's fees and costs.

### I.   Legal Standard

To support a finding of civil contempt, each of the following elements must be established by clear and convincing evidence: (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) that the decree was in the movant's favor; (3) that the alleged contemnor by its conduct violated the terms of the decree and had knowledge or constructive knowledge of such violation; and (4) that the movant suffered harm as a result. *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 301 (4th Cir. 2000) (quoting *Colonial Williamsburg*

*Found. v. Kittinger Co.*, 792 F. Supp. 1397, 1405–06 (E.D. Va. 1992), *aff'd*, 38 F.3d 133, 136 (4th Cir. 1994)).

As to the third element, in determining whether there was a violation of a court order, there is no requirement that the violation was willful. "Civil as distinguished from criminal contempt is a sanction to enforce compliance with an order of the court or to compensate for losses or damages sustained by reason of noncompliance. Since the purpose is remedial, it matters not with what intent the defendant did the prohibited act." *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) (internal citations omitted). However, because intent is irrelevant, the order allegedly violated must be one that sets forth in "specific detail an unequivocal command." *In re Gen. Motors Corp.*, 61 F.3d 256, 258–59 (4th Cir. 1995) (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)). A party therefore should not be found in civil contempt where there is a "*fair ground of doubt* as to the wrongfulness of [its] conduct." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019) (quoting *Cal. Artificial Stone Paving Co. v. Molitor*, 113 U.S. 609, 618 (1885)). However, civil contempt need not be limited to addressing only activities that were "specifically enjoined," because such a narrow requirement "would give tremendous impetus to [a] program of experimentation with disobedience of the law." *McComb*, 336 U.S. at 192. Instead, "[i]t is enough protection for defendants if close questions of interpretation are resolved in the defendant's favor in order to prevent unfair surprise." *Schering Corp. v. Ill. Antibiotics Co.*, 62 F.3d 903, 906 (7th Cir. 1995).

As remedies for the alleged contempt, DOL seeks attorney's fees incurred in litigating the Motions and a coercive fine of $250.00 for each day that Defendants fail to comply with the Orders. "A civil contempt sanction must serve either to (1) 'coerce obedience to a court order,' or (2) 'compensate the complainant for losses sustained as a result of the contumacy.'" *dmarcian,*

*Inc. v. dmarcian Europe BV*, 60 F.4th 119, 146 (4th Cir. 2023) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 821 (4th Cir. 2004)). A sanction may not be punitive. *In re Gen. Motors Corp.*, 61 F.3d at 259. In line with the requirement that the sanction be "remedial and compensatory," the available remedies may include "ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorney's fees." *Id.* A court may also impose a fine designed to coerce compliance. *See United States v. Darwin Constr. Co.*, 873 F.2d 750, 754, 756 (4th Cir. 1989) (affirming the issuance of a daily fine to coerce compliance with an order of contempt).

## II.     The Damages Motion

Based on the allegations in the Motion, DOL has made a sufficient showing to support a finding of contempt for failure to pay the judgment. First, the Court issued a default judgment against Defendants on January 9, 2020 which directed Defendants to pay damages. Beyond the original service of the Default Judgment Order, DOL has established that Defendants had actual or constructive knowledge of the Default Judgment Order by providing the Court with copies of email correspondence in which Neither acknowledged receipt of the Order on November 28, 2023. Second, the Default Judgment Order was in DOL'S favor. Third, it is undisputed that Defendant has knowingly failed to pay any amount toward the damages, in violation of the Order. Finally, DOL has suffered a concrete monetary injury as a result of Defendants' failure to pay damages. *See Colonial Williamsburg Found. v. Kittinger Co.*, 792 F. Supp. 1397, 1406 (E.D. Va. 1992), *aff'd*, 38 F.3d 133, 136 (4th Cir. 1994). Accordingly, all four elements have been satisfied.

## III.    The Discovery Motion

DOL has also made a sufficient showing to support a finding that Defendants should be held in in contempt for their failure to comply with the post-judgment discovery requests. First,

the First Discovery Order and the Second Discovery Order both required full compliance with the pre-judgment discovery requests. The First Discovery Order, issued on May 18, 2022, directed that Defendants "shall produce complete responses to Plaintiff's post-judgment discovery requests" within 14 days, ECF No. 32, and the Second Discovery Order, issued on November 14, 2024, directed that Defendants "shall produce any and all information responsive to the discovery requests by no later than Friday, December 13, 2024," ECF No. 39. Beyond the service of both Discovery Orders, DOL has demonstrated that Defendants had actual or constructive knowledge of both in that: (1) DOL sent the First Discovery Order to Defendants by USPS certified mail on September 26, 2023, and the mailing was received on October 3, 2023; (2) Neither acknowledged receipt of the First Discovery Order in an email to DOL sent on November 28, 2023; (3) Neither was present for a telephone case management conference on November 8, 2024 at which the Court stated that the Second Discovery Order would be issued; and (4) Defendants provided some responsive information relating to these Orders, including bank statements submitted in January 2025.

Second, the First and Second Discovery Orders were in DOL's favor in that they directed Defendants to provide certain interrogatory responses and requested documents to assist DOL in its efforts to enforce the judgment. As for whether Defendants knowingly violated these Orders, DOL has acknowledged that Defendants have now provided some interrogatory responses and documents, but they argue that the responses were insufficient. As set forth in DOL's deficiency notice, DOL has provided a sufficient basis to conclude that, in the absence of any contrary information provided by Defendants, they have demonstrated that Defendants have knowingly failed to comply fully with the First Discovery Order. Relatedly, where Defendants responded to the Second Discovery Order and the deficiency notice by providing only a limited document

production and no additional information in response to the interrogatories, DOL has also shown that Defendants knowingly failed to comply with the Second Discovery Order. Such knowing failures to comply with discovery orders can support a finding of contempt. *See Colonial Williamsburg Found.*, 792 F. Supp. at 1402, 1406 (finding a defendant in contempt both for failing to comply with a consent judgment and for failing to provide documents and evidence in response to a discovery order issued in aid of enforcement of the consent judgment); *United States v. Ali*, 874 F.3d 825, 832 (4th Cir. 2017) (finding that the Internal Revenue Service had established that the alleged contemnor "had committed at least a constructive violation" of a court order requiring production of documents in support of an IRS enforcement action "by failing to produce documents presumptively within her possession or control"). The Court notes, however, that where the record relating to the discovery requests and responses is incomplete, it recognizes that in response to an Order to Show Cause, Defendants may still be able to demonstrate that, as to some of its apparently deficient responses, they have, in fact, provided all responsive information.

Finally, DOL has suffered harm as a result of Defendants' incomplete discovery responses by, at the least, incurring additional costs in ascertaining Defendants' ability to pay. *See Colonial Williamsburg Found.*, 792 F. Supp. at 1406. Accordingly, all four elements have been satisfied.

## IV. Substantial Compliance

When the moving party establishes the four elements of civil contempt, "the burden shifts to the defendant to show 'good faith [in making] all reasonable efforts to comply with the enforcement order." *Consumer Fin. Prot. Bureau v. Klopp*, 957 F.3d 454, 461–62 (4th Cir. 2020) (quoting *Ali*, 874 F.3d at 831). If "'all reasonable steps' have been taken to ensure compliance," then "inadvertent omissions" may be excused. *Darwin Constr. Co.*, 873 F.2d at 755 (quoting

*United States v. Darwin Constr. Co.*, 680 F. Supp. 739, 740 (D. Md. 1988)). A defendant who fails to meet this burden may be held in civil contempt. *Klopp*, 957 F.3d at 462.

Where Defendants have not responded to the Motions, whether by filing briefs in submitted opposition to the Motions or otherwise, they have not even attempted to show good faith or an attempt to make all reasonable efforts to comply with the Orders. The Court will therefore grant the Motions to the extent that it will order Defendants to show cause as to why they should not be held in contempt. In responding to the Order to Show Cause, Defendants may still provide information in opposition to a contempt order. The Court will therefore address the remaining requests for relief after Defendants have responded to the Order to Show Cause or have failed to do so.

## CONCLUSION

For the foregoing reasons, the Motion for an Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt for their failure to produce discovery responses, ECF No. 40, and the Motion for an Order to Show Cause Why Defendants Should Not Be Held in Civil Contempt for their failure to pay damages, ECF No. 42, will be GRANTED IN PART and DENIED IN PART. The Motions will be granted in that the Court will issue an Order to Show Cause directing Defendants to show cause as to why they should not be held in civil contempt for their failure to comply with the Default Judgment Order, the First Discovery Order, and the Second Discovery Order and will be otherwise denied without prejudice. A separate Order to Show Cause shall issue.

Date:  May 7, 2025

THEODORE D. CHUANG
United States District Judge